**RECORD NUMBER: 13-4565**

# United States Court of Appeals
*for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**MAURICE ANTWAUN MCKNIGHT,**
**a/k/a Weezie, a/k/a Wee,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT FLORENCE**

# OPENING BRIEF OF APPELLANT

**NICOLE NICOLETTE MACE**
**THE MACE FIRM**
**1341 44th Avenue North**
**Suite 205**
**Myrtle Beach, SC  29577**
**(843) 839-2900**

*Counsel for Appellant*

COUNSEL PRESS • VA – (800) 275-0668

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF JURISDICTION .................................................................................... 1

STATEMENT OF ISSUES ................................................................................................ 1

STATEMENT OF THE CASE ........................................................................................... 2

STATEMENT OF FACTS ................................................................................................. 3

SUMMARY OF THE ARGUMENT ................................................................................... 5

ARGUMENT ..................................................................................................................... 6

I.     Pursuant to *Alleyne v. United States*, drug quantity is an element of 21 U.S.C. § 841 and must be established by proof beyond a reasonable doubt ................................. 6

     A.    Standard of Review ........................................................................................ 6

     B.    McKnight's drug quantity was not established by proof beyond a reasonable doubt .............................................................................................. 7

II.    The enforcement of McKnight's appellate waiver would constitute a miscarriage of justice as *Alleyne* was not decided until after McKnight waived his right to appeal ............................................................................................. 11

     A.    Standard of Review ...................................................................................... 11

     B.    Enforcement of McKnight's appellate waiver would constitute a miscarriage of justice ................................................................................... 11

CONCLUSION ................................................................................................................ 13

STATEMENT REGARDING ORAL ARGUMENT .......................................................... 13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# **TABLE OF AUTHORITIES**

**Cases**

*Alleyne v. United States*,
 570 U.S. ____, 133 S. Ct. 2151 (2013) ................................................................ *passim*

*Apprendi v. New Jersey*,
 530 U.S. 466 (2000) .................................................................................................. 6, 7, 8

*Griffth v. Kentucky*,
 479 U.S. 314 (1987) ........................................................................................................... 7

*Harris v. United States*,
 536 U.S. 545 (2002) ........................................................................................................... 7

*Johnson v. United States,*
 520 U.S. 461 (1997) ......................................................................................................... 12

*McCarthy v. United States*,
 394 U.S. 459 (1969) ........................................................................................................... 9

*Washington v. Recuenco*,
 548 U.S. 212 (2006) ........................................................................................................... 6

*United States v Blick*,
 408 F.3d 162 (4th Cir. 2005) .......................................................................................... 11

*United States v. Cohen*,
 459 F.3d 490 (4th Cir. 2006) .......................................................................................... 11

*United States v. Davis*,
 954 F.2d 182 (4th Cir. 1992) .......................................................................................... 11

*United States v. Fletcher*,
 74 F.3d 49 (4th Cir. 1996) ................................................................................................ 6

*United States v. General*,
 278 F.3d 389 (4th Cir. 2002), *cert. denied*, 536 U.S. 950 (2002) .................................. 11

*United States v. Hargrove*,
 625 F.3d 170 (4th Cir. 2010) ............................................................................................ 6

*United States v. Johnson*,
 410 F.3d 137 (4th Cir. 2005) .......................................................................................... 12

*United States v. Jordan*,
     438 F. App'x. 180 (4th Cir. 2011) ...............................................................12

*United States v. Mackins*,
     315 F.3d 399 (4th Cir. 2003) ........................................................................6

*United States v. Marin,*
     961 F.2d 493 (4th Cir. 1992) ......................................................................11

*United States v. Penniegraft*,
     641 F.3d 566 (4th Cir. 2011) ........................................................................6

*United States v. Wiggins,*
     905 F.2d 51 (4th Cir. 1990) ........................................................................11

## **Rules, Statutes, and Other Authorities**

18 U.S.C. § 3231 ....................................................................................................1

18 U.S.C. § 3742 ....................................................................................................1

21 U.S.C. § 841 ............................................................................................ *passim*

21 U.S.C § 846 ......................................................................................................1

28 U.S.C. § 1291 ...................................................................................................1

U.S.S.G. Ch.5, Pt. A ............................................................................................10

*Booker Report: 2012, Part A* ................................................................................8

iii

## STATEMENT OF JURISDICTION

This is a criminal case. Maurice McKnight was prosecuted under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base; and 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) for possession and distribution of a quantity of cocaine base. The United States District Court for the District of South Carolina had jurisdiction of this case pursuant to 18 U.S.C. § 3231 because the appellant was charged with an offense against the laws of the United States.

The appeal is from the final judgment. The Fourth Circuit Court of Appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, which give the Courts of Appeals jurisdiction over all final decisions and sentences of the District Courts of the United States. The District Court imposed sentence on October 10, 2012. Final judgment was entered on October 26, 2012. A notice of appeal was filed on July 11, 2013.

## STATEMENT OF THE ISSUES

I.  Whether the district court erred in holding McKnight accountable for a drug quantity that was only established by a preponderance of the evidence in light of the recent Supreme court decision in *Alleyne v. United States*, 570 U.S. ____, 133 S. Ct. 2151 (2013).

II. Whether it would be a miscarriage of justice to enforce an appellate waiver where *Alleyne* was decided while McKnight's case was pending on direct appeal.

1

## STATEMENT OF THE CASE

The appellant was the defendant in the district court and will be referred to by name or as the appellant. The appellee, United States of America, will be referred to as the government.

On January 24, 2012, a five-count Indictment was filed with the District Court of the United States for the District of South Carolina against appellant, Maurice McKnight, one of three defendants. (J.A. 82.) On March 27, 2012, McKnight pled guilty to Count One, charging that beginning around 2001, and up to the date of the Indictment, the appellant knowingly and willfully did combine, conspire, and agree with his co-defendants and others to knowingly, willfully and unlawfully possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base. (J.A. 82, 84.)

McKnight appeared at his sentencing proceeding on October 10, 2012. (J.A. 51.) While McKnight made several objections to the presentence investigation report prior to the sentencing hearing, McKnight narrowed his objections to one provided that the government conceded to that objection. (J.A. 53-56.) Following the government's concession to that objection, the court adopted the presentence report as its findings of fact. (J.A. 58.) McKnight received a total of six (6) criminal history points, establishing a criminal history category of III. (J.A. 97.) The district court noted McKnight's objection to

2

paragraph 75 of the presentence investigation report and revised McKnight's total offense level from 42 to 40. (J.A. 57-58.) He was sentenced to a term of 240-months imprisonment for Count One and five years supervised release. (J.A. 70.)

## STATEMENT OF FACTS

The Federal Bureau of Investigation and South Carolina State Law Enforcement Division were investigating a possible drug conspiracy in South Carolina. (J.A. 86.) McKnight was one of three defendants identified as a part of a group responsible for the distribution of cocaine and cocaine base in Florence and Williamsburg County since 2001. (J.A. 82.) Several individuals provided statements to law enforcement that McKnight sold them quantities of cocaine and cocaine base. (J.A. 86-93.) Additionally, on November 2, 2011 and December 7, 2011, a confidential informant under the advisement of law enforcement purchased from McKnight 13.7 grams and 27.4 grams of cocaine base, respectively. (J.A. 93-94.)

On March 27, 2012, McKnight pled guilty to Count One of the Indictment, conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base. (J.A. 39, 45-46.) McKnight was notified of all of his rights during the Change of Plea Hearing and any consequences that may occur when entering a guilty plea as to the charge, including the waiver of his appellate rights. (J.A. 31-45.) According to the

presentence investigation report, McKnight was held accountable for 54,288 grams of cocaine and 21,398 grams of cocaine base. (J.A. 94.) The drugs were converted into marijuana quantities, totaling 83,670 kilograms of marijuana and established a base offense level of 38. (*Id.*)

A sentencing hearing was held on October 10, 2012. (J.A. 51.) While McKnight made several objections to the presentence investigation report prior to the sentencing hearing, McKnight narrowed his objections to one provided that the government conceded to that objection. (J.A. 53-56.) The government conceded to McKnight's objection to paragraph 75 of the presentence investigation report. (J.A. 54-57.) The district court adopted the presentence report as its findings of fact noting the changes to paragraph 75. (J.A. 58.) McKnight's total offense level was changed from 42 to 40 after excluding the two-level enhancement provided for in paragraph 75, subjecting McKnight to a guidelines range of 360 months to life imprisonment. (J.A. 57.)

During the hearing, the government also made a motion for downward departure on McKnight's behalf. (J.A. 48-50, 59.) The government noted McKnight's substantial cooperation and recommended a downward departure of four (4) levels. (J.A. 60.) The district court granted the government's motion. (J.A. 60.) With a total offense level of 36 and criminal history category of III, McKnight's guidelines range was 235 to 292 months. (J.A. 62.) McKnight's

4

defense counsel requested that he be sentenced to the lower end of the guidelines range. (J.A. 65-66.) McKnight was sentenced to 240-months imprisonment and five years supervised release. (J.A. 70.) This appeal follows.

## SUMMARY OF THE ARGUMENT

Drug quantity is an element of 21 U.S.C. § 841 and the Supreme Court's recent decision in *Alleyne v. United States*, 570 U.S. ____, 133 S. Ct. 2151 (2013) requires that it be established by proof beyond a reasonable doubt. McKnight pled guilty to Count One of his Indictment, conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base. However, the district court, by adopting the presentence report and utilizing a preponderance of the evidence standard, held McKnight accountable for 54,288 grams of powder cocaine and 21,398 grams of cocaine base. This quantity was well above the drug quantity for which McKnight actually pled guilty and subjected him to a significantly higher guidelines range. Since these additional quantities were not submitted to the jury and found based on proof beyond a reasonable doubt or expressly admitted by McKnight, it was improper for the district court to hold McKnight accountable for these quantities under *Alleyne*. Therefore, McKnight is entitled to a resentencing based on the quantities for which he actually pled guilty.

5

McKnight recognizes that he waived his appellate rights in his Plea Agreement which was validated at his Change of Plea Hearing on March 27, 2012. However, it would be a miscarriage of justice not to afford McKnight the benefit of the *Alleyne* decision and would call into question the fairness of the judicial proceedings.

## ARGUMENT

**I.   Pursuant to *Alleyne v. United States*, drug quantity is an element of 21 U.S.C. § 841 and must be established by proof beyond a reasonable doubt.**

### A.   Standard of Review

Generally, a district court's determination regarding drug quantity is factual in nature and is reviewed for clear error. *United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996). *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Properly preserved *Apprendi* errors at the trial level are subject to *de novo* review. *See Washington v. Recuenco*, 548 U.S. 212 (2006); *United States v. Mackins*, 315 F.3d 399, 405 (4th Cir. 2003). However, this matter was not raised at the trial level and is subject to plain error review. *United States v. Hargrove*, 625 F.3d 170, 183 (4th Cir. 2010). Under the plain error standard, a defendant must show "(1) that the error occurred, (2) that the error was plain, and (3) that it affected his substantial rights." *United States v. Penniegraft*, 641 F.3d 566, 575 (4th Cir. 2011).

6

### B. McKnight's drug quantity was not established by proof beyond a reasonable doubt.

*Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. McKnight argues that a recent Supreme Court decision, *Alleyne v. United States*, 570 U.S. ____, 133 S. Ct. 2151 (2013), an extension of *Apprendi*, applies to his case because the district court determined the drug weight to be used in calculating his sentence by a preponderance of the evidence standard and sentenced him to more than the statutory mandatory minimum based on that judicial fact-finding. *Alleyne* is applicable to the instant case as the Supreme Court has held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final . . . ." *Griffth v. Kentucky*, 479 U.S. 314, 328 (1987). In *Alleyne*, the district court found under a preponderance of the evidence standard that the defendant "brandished" a firearm even though the jury found that the defendant only possessed the firearm. 570 U.S. at ____, 133 S. Ct. at 2156. The district court's finding subjected the defendant to a seven year mandatory sentence rather than the five year mandatory sentence under 18 U.S.C. § 924(c). *Id.* The Supreme Court held that the finding of brandishing was an element of § 924(c) that had to be submitted to the jury and found beyond a reasonable doubt. *Id.* at _____, 133 S. Ct. at 2162. Essentially, *Alleyne* overruled *Harris v. United States*, 536

7

U.S. 545, 565 (2002), which held that the Sixth Amendment allows judges to independently determine facts that raise a defendant's mandatory minimum sentence. *Id.* at \_\_\_\_\_, 133 S. Ct. at 2155.

McKnight would urge this Court to find that the reasoning in *Alleyne* extends beyond mandatory minimum penalties to facts, specifically drug quantities, which determine a defendant's guidelines range. The applicable guidelines range is arguably the most significant fact impacting a defendant's sentence. In fact, the United States Sentencing Commission reported in 2012 that the "guidelines have remained the essential starting point for all federal sentences and have continued to influence sentences significantly." *Booker Report 2012: Part A*, p. 5. The Sixth Amendment requires that facts setting both the minimum and maximum punishments must be found by a jury. *See Alleyne*, 570 U.S. at \_\_\_\_\_, 133 S. Ct. at 2161-62; *Apprendi*, 530 U.S. at 490. This Court should similarly apply this rationale to facts that are used to impose a sentence and require that such facts be found by a jury or expressly be admitted by the defendant. It would be inconsistent to conclude that facts, like drug quantity, which set the minimum and maximum sentences are elements of the offense, but facts in between these ranges which actually establish a defendant's punishment do not need to be found by a jury. Pursuant to *Alleyne*,

8

> [a]ny fact that, by law, *increases the penalty for a crime* is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.

570 U.S. at \_\_\_\_, 131 S. Ct. at 2155 (emphasis added). Drug quantity is a fact that increases the penalty for a violation of 21 U.S.C. § 841. "When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Id.* at \_\_\_\_, 133 S. Ct. at 2162.

In this case, McKnight entered a plea of guilty to an indictment that established a drug quantity that called for a ten-year mandatory minimum. However, he did not plead to the quantities found by the district court. "A guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Since a defendant must admit to all elements of the crime to which he or she pleads guilty, *Alleyne* would require that the drug quantity for which the Government seeks to hold him or her accountable be affirmatively acknowledged by the defendant.

More specifically, at sentencing, the district court found by a preponderance of the evidence that McKnight was responsible for 54,288 grams of cocaine and 21,398 grams of cocaine base when it accepted the presentence investigation report as its findings of fact. (J.A. 58, 94.) This drug quantity subjected McKnight to a base offense level of 38. However, the only specific quantities that McKnight pled

9

guilty to were 5 kilograms of cocaine and 280 grams of cocaine base. (J.A. 44-45.) Converted into their marijuana equivalents would equal 1,000 kilograms (5 kilograms x 200) and 999.88 kilograms (280 grams x 3,571), respectively. 1,999.88 kilograms of marijuana equates to a base offense level of 32 and would have subjected McKnight to an initial guidelines range of 151 to 188 months. U.S.S.G. Ch. 5, Pt. A. Because § 841(b)(1)(A) and (b)(1)(C) provide differing ranges of penalties predicated on different drug quantities, the drug quantities in these subsections must be construed as elements of the offense. While McKnight's sentence of 245 months was not greater than the maximum prescribed penalty, the district court's drug quantity finding greatly increased his sentencing range. These facts had to either be admitted by McKnight or proved to a jury. This constituted plain error on the part of the district court. Furthermore, because the district court's finding increased McKnight's sentencing range, it affected his substantial rights.

Therefore, McKnight respectfully requests that his sentence be reversed pursuant to the decision in *Alleyne*.

**II.     The enforcement of McKnight's appellate waiver would constitute a miscarriage of justice as *Alleyne* was not decided until after McKnight waived his right to appeal.**

    **A.     Standard of Review**

Whether an appellate waiver is valid is a question of law and therefore, the standard of review is *de novo*. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

    **B.     Enforcement of McKnight's appellate waiver would constitute a miscarriage of justice.**

This Court has held that a defendant may waive the right to appeal in a valid plea agreement. *See United States v. Cohen*, 459 F.3d 490, 493-95 (4th Cir. 2006); *United States v Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). A waiver of appellate rights is valid if the appellant knowingly and intelligently agreed to waive his right to appeal. *United States v Blick*, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether an appellate waiver is in fact knowingly and intelligently made and thus effective, the Fourth Circuit reviews the "totality of the circumstances" of the case. *United States v. General*, 278 F.3d 389, 400-01 (4th Cir. 2002), *cert. denied*, 536 U.S. 950 (2002). When making this determination, the Court examines the "experience and conduct" of a defendant and also the defendant's education and familiarity with the conditions and terms of the plea agreement. *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule

11

11 colloquy, the waiver is both valid and enforceable. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

In the present case, McKnight acknowledges that his appellate waiver was knowing and voluntary. It was included in the plea agreement. (J.A. 21.) Additionally, the district court specifically advised McKnight that if it accepted the plea agreement, then he would be waiving his right to appeal. (J.A. 32-33.) However, this Court has held that an appellate waiver will not be enforceable if it constitutes a miscarriage of justice. Such circumstances include "when the resulting sentence is based on consideration of an impermissible factor such as race, ineffective assistance of counsel in connection with the waiver, a sentence exceeding the statutory maximum, or otherwise unlawful waiver that seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Jordan*, 438 F. App'x. 180, 181 (4th Cir. 2011).

It would be a miscarriage of justice in this case to enforce McKnight's appellate waiver where *Alleyne* was decided after his sentencing and while his case was on direct appeal. *See Johnson v. United States*, 520 U.S. 461, 467-68 (1997) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review. . . ." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks and citation omitted). If *Alleyne* were decided prior to McKnight's sentencing, the district court would not have been

12

able to rely on the drug quantities set out in the presence report in calculating McKnight's sentencing unless McKnight pled guilty to such quantities or the jury returned a verdict for the specific drug quantities. Despite McKnight's appellate waiver, he should receive the benefit of *Alleyne*'s ruling. McKnight would respectfully request this Court to relieve him of the appellate waiver in order to avoid a miscarriage of justice.

## CONCLUSION

Based upon the foregoing argument and citations of authority, the Appellant, Maurice McKnight, respectfully requests that this Court remand this case for resentencing.

## STATEMENT REGARDING ORAL ARGUMENT

The appellant respectfully submits that oral argument is necessary to the just resolution of this appeal and will significantly enhance the decision making process.

Respectfully Submitted,

By: /s/ Nicole N. Mace
Counsel

NICOLE NICOLETTE MACE
THE MACE FIRM
1341 44th Avenue North
Suite 205
Myrtle Beach, SC  29577
T: (843) 839-2900
*Counsel for Appellant*

13

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4565   Caption: United States v. Maurice A. McKnight

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

- [✓] this brief contains __2,934__ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

- [ ] this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

- [✓] this brief has been prepared in a proportionally spaced typeface using __MS Word 2010__ [*state name and version of word processing program*] in __Times New Roman, 14 point__ [*state font size and name of the type style*]; *or*

- [ ] this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s) Nicole N. Mace

Attorney for Maurice McKnight, Appellant

Dated: 10/28/2013

Rev. 03/03/11

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2013, I electronically filed the Joint Appendix and Opening Brief with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

ARTHUR BRADLEY PARHAM
OFFICE OF THE U.S. ATTORNEY
P.O. Box 1567
Suite 222
Florence, SC  29501
(843) 665-6688

*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664

Filing and service were performed by direction of counsel